```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NATASHA VERNON,
                         Plaintiff,

           - against -                                      MEMORANDUM & ORDER
                                                             1:16-CV-00264 (PKC)
NATIONAL CONFERENCE OF BAR
EXAMINERS, PENNY GESSLER, and
ERICA MOESER,
                         Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On January 6, 2017, the Court entered a Memorandum and Order ("Order") dismissing Plaintiff's First Amended Complaint for lack of personal jurisdiction and denying Plaintiff's request to proceed under a pseudonym. *Doe v. Nat'l Conf. of Bar Examiners*, 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) (Dkt. 28). The Court entered final judgment on January 9, 2017, dismissing the case in its entirety. (Dkt. 29.) On January 23, 2017, Plaintiff timely moved for reconsideration under Local Civil Rule 6.3 and, presumably, under Federal Rule of Civil Procedure ("FRCP") 59(e).[1] (Dkt. 30.) Additionally, Plaintiff filed a Notice of Appeal on February 3, 2017. (Dkt. 34.)[2] For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

---

[1] Plaintiff does not mention the Federal Rules of Civil Procedure in her motion, but the Court construes her motion as a motion to alter or amend a judgment under FRCP 59(e). *See In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013).

[2] Plaintiff's motion was timely under Local Civil Rule 6.3, having been received on January 23, 2017, within fourteen days after the Court entered final judgment. Plaintiff also filed a notice of appeal to the Second Circuit on February 3, 2017. (Dkt. 34 (Notice of Appeal).) Nonetheless, the Court maintains jurisdiction over Plaintiff's timely filed post-judgment motion for reconsideration. *See* Fed. R. App. P. 4(a)(4)(A); *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001).

1

## BACKGROUND

In the Order,[3] the Court found (i) Plaintiff's use of a pseudonym was unwarranted because she failed to demonstrate any valid interest in preserving her anonymity (Dkt. 28 (Order) at ECF 5)[4] and, (ii) the Court lacks personal jurisdiction over the named defendants (*id.* at ECF 12-19). With respect to the second issue, the Court found that it lacks general jurisdiction over Defendants because none of them is "at home" in the State of New York (*id.* at ECF 12-13), and that the Court lacks specific jurisdiction over Defendants because their sporadic contacts with New York did not constitute "transact[ing] business" and Plaintiff's claims did not "arise from" any supposed business transactions in New York (*id.* at 18-19).

Plaintiff moves for reconsideration under Local Civil Rule 6.3, claiming that (i) despite being a formerly licensed attorney, she should have been afforded the same deferential pleading standard afforded generally to *pro se* litigants because she is not an "experienced" litigation attorney, and (ii) the Court overlooked her valid interests in proceeding anonymously in this litigation. (Dkt. 30-1 at ECF 7-8.) In response, Defendants argue that the Court did not overlook any facts, data or controlling decisions in the Order, and that Plaintiff is merely reiterating the same arguments she made in her opposition to Defendants' motion to dismiss. (Dkt. 32 at ECF 3.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, a court may grant reconsideration on the basis of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel*

---

[3] The Court assumes the parties' familiarity with the facts alleged in Plaintiff's pleadings and the procedural history of this action.

[4] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

*Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citation omitted). The standard for granting a reconsideration motion is "strict," and reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quotations omitted). Furthermore, arguments raised for the first time on reconsideration are not proper grounds for reconsideration. *See Image Processing Techs., LLC v. Canon Inc.*, 10 Civ. 3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration." (quoting *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petrol. Corp.*, 948 F.2d 111, 115 (2d Cir. 1991))).

## DISCUSSION

In her motion for reconsideration, Plaintiff does not identify any intervening change of controlling law, or the availability of new evidence, that would warrant the Court's reconsideration of its order denying Plaintiff's request to proceed anonymously and dismissing her complaint for lack of personal jurisdiction. (*See generally* Dkt. 30-1.) Nor does Plaintiff identify any controlling decisions that the Court overlooked in its prior order. (*Id.*) In other words, Plaintiff does not point the Court to any ground for reconsideration under the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e). That failing alone is grounds to deny Plaintiff's motion.

In light of Plaintiff's *pro se* status, the Court will nonetheless consider the substance of Plaintiff's submission. With respect to the Court's ruling that she is not entitled to proceed in this

litigation anonymously, Plaintiff acknowledges that the Court applied the correct multi-factor test under *Sealed Pl. v. Sealed Def.*, 537 F.3d 185, 190 (2d Cir. 2008), but contends that the Court should have reached a different outcome given the reputational consequences Plaintiff might incur as a result of bringing this lawsuit. (Dkt. 30-1 at ECF 9-11; *see also* Dkt. 28 (Order) at 4-7 (applying *Sealed Pl. v. Sealed Def.*).) Plaintiff also argues that the Court was mistaken in its observation that, despite seeking to proceed anonymously in this action, Plaintiff revealed her true name in numerous filings in State court. (Dkt. 30-1 at ECF 11.) Having considered Plaintiff's arguments, the Court finds no reason to reconsider its ruling that Plaintiff is not entitled to proceed anonymously in this lawsuit. The reputational risks that Plaintiff seeks to avoid by proceeding anonymously are the same reputational risks that any private litigant bears. *See, e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015). As the Court noted in the Order, Plaintiff's status as an attorney not only does not exempt her from the ordinary rule that civil plaintiffs must disclose their identities, but, if anything, weighs in favor of disclosure.[5] (Dkt. 28 (Order) at 6-7.) Put simply, as the Court explained in its Order, beyond the ordinary risk of reputational harm that all civil litigants bear—which, on its own, clearly is not enough to proceed anonymously, *see Delta Airlines*, 310 F.R.D. at 226 —Plaintiff does not point to any special circumstances entitling her to proceed anonymously in this action.

With respect to the Court's ruling that it lacks personal jurisdiction over Defendants, Plaintiff does not identify any intervening change of law, new evidence, or clear error that would warrant reconsideration. Indeed, Plaintiff's motion is basically silent on the issue of jurisdiction, focusing instead on the anonymity issue discussed above. (*See* Dkt. 30-1.) Construed generously,

---

[5] This is so because attorneys obviously have to identify themselves when seeking admission to a court and when filing public court documents, and because applicants to the New York bar are required to disclose their involvement in litigation. (Dkt. 28 at 6-7.)

4

Plaintiff's motion argues that the Court would have reached a different ruling had it construed Plaintiff's *pro se* complaint "liberally and . . . to raise the strongest arguments it suggests." (Dkt. 30-1 at ECF 7.) In this regard, Plaintiff appears to misunderstand the legal bases of the Court's ruling that it lacks personal jurisdiction over Defendants. As explained in the Order, although the Court generally accepts a plaintiff's allegations as true at the dismissal stage, "where the defendant rebuts a plaintiff's unsupported allegations with direct, highly specific testimonial evidence regarding a fact essential to jurisdiction—and a plaintiff does not counter that evidence—the allegation may be deemed refuted." (Dkt. 28 at 8 (alterations and quotation marks omitted).) Applying this rule, the Court considered Defendants' testimony concerning personal jurisdiction, which they submitted in the form of sworn affidavits, and found that the Court does not have general or specific jurisdiction over any Defendant. (Dkt. 28 at 7-24.) As the Order makes clear, the Court's jurisdictional ruling did not turn on the precise degree of deference or liberal construction owed to Plaintiff's pleadings. (*See id.*) Rather, the Court's ruling flowed directly from the governing Supreme Court and New York law, as applied to the factual allegations of Plaintiff's pleadings, as supplemented and refuted by Defendants' sworn declarations as they related to jurisdiction. (*See id.*) Thus, Plaintiff's arguments about the amount of deference that her pleadings deserved based on her *pro se* status, including her discussion about her lack of experience in commercial litigation, are beside the point and certainly do not justify reconsideration. (Dkt. 30-1 at ECF 7-8.)

As explained in the Order, Defendants are not subject to general jurisdiction in New York State because they were not headquartered, incorporated or "at home" in New York State. (Dkt. 28 at 9-13.) Additionally, Defendants did not "purposefully avail" themselves of the privileges of doing business in New York State as required to establish specific jurisdiction under

the State's long-arm statute. New York Civil Practice Law and Rules ("CPLR") § 302(a)(1); *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 389 (E.D.N.Y. 2015). Nor did Plaintiff demonstrate that the Court had specific jurisdiction under CPLR § 302(a)(1) because Plaintiff's claims do not "arise from" Defendants' purported business transactions in the State. (Dkt. 28 at 19.) Plaintiff's motion for reconsideration does not identify any intervening decision, new evidence, overlooked controlling decision, or any other reason to reconsider these rulings.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for reconsideration.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 25, 2017
      Brooklyn, New York